RIDLEY *v.* SPAIN *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed April 4, 1942.

G. S. RIDLEY and JOE HOWELL WOOD, both of Murfrees-
boro, for complainant.

C. C. JACKSON, of Murfreesboro, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the
Court.

James R. Jetton, clerk and master and special commissioner of the Chancery Court of Rutherford County, pursuant to a decree of the court entered in this cause, sold two tracts of land located in Rutherford County, at public sale. Tract No. 1, consisting of a house and lot in the City of Murfreesboro, was sold for the sum of $2,000. Tract No. 2, consisting of a farm of about 182 acres located in Rutherford County, was sold for $3,600, and the assumption by the purchaser of a mortgage of $3,000.

The chancellor allowed the clerk and master and special commissioner a fee of $90.50, under Code, section 10692 (62), for making the sale and additional compensation of two per cent on the whole amount of the sale, amounting to $172.

The guardian *ad litem* of certain minors in the case excepted to the action of the chancellor in allowing the additional compensation of $172 and has appealed to this court and assigned errors.

Section 10693 of the Code is as follows:

"If the amount of the sale exceeds six thousand dollars, the court may make an additional allowance, not in any case to exceed two per cent. on the whole amount of sale."

The appellant takes the position that the two tracts of land did not bring an amount in excess of $6,000 because the $3,000 mortgage on tract No. 2 assumed by the purchaser, cannot be taken into consideration in arriving at the total amount for which the tracts were sold. This contention is without merit. Under section 10693, the chancellor had the authority to allow additional compensation on sales exceeding $6,000 in an amount not to exceed two per centum of the whole amount of sale. The decree under which the sale was made pro-

vided that the mortgage of $3,000 on tract. No. 2 should be assumed by the purchaser. This the purchaser did. The amount that tract No. 2 brought at the sale was $6,600, and not $3,600, as contended by appellant. Tract No. 1 sold for $2,000. Thus the total amount realized at the sale for both tracts was $8,600 and not $5,600, as contended by appellant. The $172 additional compensation allowed by the chancellor to the clerk and master and special commissioner is exactly two per centum on $8,600, the whole amount of the sale.

Section 10692(62) of the Code is as follows:

"For selling property under decree of court, and receiving, collecting, and paying out the proceeds, commissions at the rate of four dollars for the first one hundred dollars, three dollars for every hundred over one and not exceeding three hundred dollars, two dollars for every hundred over three hundred and under five hundred dollars, and at the rate of one dollar and fifty cents for all over five hundred dollars, until the fees amount to one hundred dollars."

Under section 10692(62) the chancellor held that the clerk and master and special commissioner was entitled to a fee of $90.50. In arriving at this amount, the $3,000 mortgage debt on tract No. 2 was excluded by the chancellor, because it was not collected by the clerk and master and special commissioner and was not paid out by him. While no complaint is made by appellant as to the allowance of the fee of $90.50, he contends that the chancellor was inconsistent in calculating the fee on the basis of $5,600 and in fixing the allowance for additional compensation on the basis of $8,600. No inconsistency exists. The fee fixed by Code 10692(62) is calculated on the amount of money coming into the hands of the clerk

508

and master and disbursed by him, while the amount on which additional compensation may be allowed, under Code 10693 is ''on the whole amount of sale.''

It is argued by appellant that the clerk and master and special commissioner is being paid twice for the performance of the same duty. The object and purpose of Code 10693 is to empower the chancellor to allow ''additional'' compensation when, in his sound discretion, the same should be allowed.

It is argued that the clerk and master has not performed any extraordinary duties in respect to the sale of the land. The whole record is not before this court and we are not advised as to the extent of the services rendered by the clerk and master. There is nothing before us to indicate that the chancellor abused his discretion in allowing the $172.

The assignments of error are without merit. It follows that the decree of the chancellor must be affirmed and the case remanded to the trial court. The costs incident to the motion to retax the costs and the appeal will be paid by the complainant executor, the question of the proper taxation of costs and the amount of compensation to the clerk and master being one affecting alike all of the parties in interest to the suit.